### UNITED STATES v. WALTER H. GRAEF & CO.

(Circuit Court of Appeals, Second Circuit. January 6, 1904.)

#### No. 3,247.

**1. Customs Duties—Commercial Designation—Galloons.**

In construing paragraph 263, Tariff Act Aug. 28, 1894, c. 349, § 1, Schedule I, 28 Stat. 529, relating to cotton "galloons," *held*, as to certain cotton bands, in widths not less than one inch, with perfectly straight or plain selvedged edges, which are used in trimming hats, that, although such articles, up to an inch in width, may be known as "galloons" in trade and commerce, they are not so known when their width exceeds one inch.

**2. Same—Classification—Cotton Trimmings—Hat Bands.**

Certain woven cotton articles, from 1 to 2½ inches wide, chiefly used as hat bands for trimming men's hats, *held* to be dutiable as "trimmings" of cotton, under paragraph 276, Tariff Act Aug. 28, 1894, c. 349, § 1, Schedule J, 28 Stat. 530, and not as "galloons," under paragraph 263 of said act (28 Stat. 529), nor as "manufactures of cotton * * * not specially provided for," under paragraph 264 of said act.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, reversing a decision of the Board of General Appraisers (G. A. 4991—T. D. 23,280) which sustained the action of the collector of the port of New York in assessing duties upon certain merchandise imported under the tariff act of 1894, see 120 Fed. 1015.

Chas. D. Baker, Asst. U. S. Atty.

Albert Comstock, for appellees.

Before WALLACE and LACOMBE, Circuit Judges.

LACOMBE, Circuit Judge. The goods in question, as found by the board, are articles woven in widths from about 1 to 2½ inches, and in pieces of various lengths, with perfectly straight or plain selvedged edges or borders, and are composed wholly or in chief value of cotton. They are expressly designed and chiefly used as hat bands for trimming men's hats. The collector assessed them for duty under paragraph 276 (Act Aug. 28, 1894, c. 349, § 1, Schedule J, 28 Stat. 530), which provides for "laces, edgings, nettings, * * * trimmings," etc., composed of cotton, not specially provided for. The board sustained such classification. The importer contends that they are covered by paragraph 263 (28 Stat. 529), which provides for "cords, braids, * * * tapes, gimps, galloons," etc., "woven, braided or twisted * * * made of cotton," etc. The Circuit Court classified them as manufactures of cotton not specially provided for, under paragraph 264. Both sides agree in the proposition that paragraph 264 does not apply, since the articles are specially provided for under either paragraph 263 or paragraph 276. Both also agree in the further proposition that the articles are trimmings and covered by paragraph 276, unless they are galloons, and therefore more specifically provided for in paragraph 263.

The dictionaries generally concur in defining "galloon" as a "narrow, tapelike fabric used for binding hats, shoes, etc." While this definition is sufficient to answer the purpose of a dictionary, it is evident that it lacks precision. The word "narrow" is a relative term, of varying meanings. It is easy to conceive of a tapelike fabric so narrow as to come within the definition, and equally easy to conceive of one so wide that it must fall without it. There is nothing in the dictionaries which indicates just where the dividing line comes. In the case at bar that line is indicated with sufficient definiteness to enable us to determine the classification of the goods, samples of which are submitted. The weight of evidence indicates that although articles like these up to an inch in width may be known as "galloons" in trade and commerce, they are not so known when their width exceeds one inch. We therefore conclude that the classification of the collector was correct.

The decision of the Circuit Court is reversed, and that of the board affirmed.